IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONNA J. BROWN,                              Case No. 6:12-cv-00449-AA
                                                  OPINION AND ORDER
          Plaintiff,

     v.

CAROLYN W. COLVIN,
Commissioner of Social
Security,

          Defendant.
_____

Kathryn Tassinari
Mark Manning
Harder, Wells, Baron & Manning, P.C.
474 Willamette, Suite 200
Eugene, OR 97410
     Attorneys for plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201

David Morado
Regional Chief Counsel
Matthew W. Pile
Special Assistant United States Attorney
Social Security Administration
Office of General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
     Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Donna J. Brown brings this action pursuant to the Social Security Act (the Act) to obtain judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's applications for Title II disability insurance benefits (DIB) and Title XVI supplemental security income (SSI) under the Act. For the reasons set forth below, the Commissioner's decision is reversed and this case is remanded for the immediate payment of benefits.

## PROCEDURAL BACKGROUND

On June 3, 2008, plaintiff filed applications for both DIB and SSI. Tr. 223-30. After the applications were denied initially and upon reconsideration, plaintiff timely requested a hearing before an administrative law judge (ALJ). Tr. 154-63, 168-76. On November 3, 2009, a hearing was held before the Honorable James J. Madden, Jr. Tr. 82. Plaintiff was represented by counsel at the hearing, and testified along with plaintiff's mother and a vocational expert (VE). Tr. 82-123. After ALJ Madden issued a decision finding plaintiff not disabled within the meaning of the Act, plaintiff appealed and the Appeals Council vacated the decision and remanded the case for further proceedings. Tr. 149-53. A hearing on remand was held before ALJ James S. Yellowtail, who issued a decision on December 16, 2010 denying plaintiff's claim. Tr. 19-31. On April 23, 2012 the Appeals Council denied review, and plaintiff filed a complaint in this Court. Tr. 1-7.

## STATEMENT OF FACTS

Page 2 - OPINION AND ORDER

Born on September 15, 1964, plaintiff was 45 years old at the time of the first hearing. Tr. 45, 88. She speaks English and earned her GED after leaving school in the ninth or tenth grade. Tr. 46. Plaintiff has past work experience as a customer service representative and an in-home care provider. Tr. 73-74, 117, 264, 271, 310. Plaintiff alleges disability as of August 15, 2007 due to degenerative disc disease; facet arthritis; compression fractures of the spine; back, hand, neck, knee, nerve, hip, and shoulder pain; anxiety; depression; fibromyalgia; asthma; hypertension; hemangoimas; post traumatic stress disorder; and carpal tunnel syndrome of the right wrist. Tr. 263, 285, 325, 335, 338, 345-46, 354, 398, 404-07.

### STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consol. Edison Co. v. N.L.R.B.</u>, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." <u>Martinez v. Heckler</u>, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. <u>Howard v. Heckler</u>, 782 F.2d 1484, 1486 (9th

Page 3 - OPINION AND ORDER

Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled.

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "severe" within the meaning of the regulations if it "significantly limits your physical or mental ability to do basic work activities." Id. If the claimant does not have a severe impairment, he is not disabled.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

Page 4 - OPINION AND ORDER

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant can work, he is not disabled.  If he cannot perform past relevant work, the burden shifts to the Commissioner.  At step five, the Commissioner must establish that the claimant can perform other work that exists in the national economy.  Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

## DISCUSSION

### I.    The ALJ's Findings

At step one of the five step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since August 15, 2007.  Tr. 24, Finding 2.  At step two, the ALJ found that plaintiff had the following severe impairments: morbid obesity; degenerative disc disease of the cervical, thoracic, and lumbar spine; mild degenerative joint disease of the right knee; dysthymia; major depressive disorder; panic disorder with agoraphobia; generalized anxiety disorder; and polysubstance abuse in partial remission. Tr. 24, Finding 3.  At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment.  Tr. 25, Finding 4.

Because she did not establish disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected her ability to work.  The ALJ determined that plaintiff had the

Page 5 - OPINION AND ORDER

residual functional capacity (RFC) to perform a range of sedentary work, with the following limitations: she could perform tasks involving no more than one hour of standing, two hours of walking, or six hours of sitting in an eight-hour workday; she must be permitted to change positions as necessary to relieve discomfort; she is to avoid walking on uneven surfaces, crawling, or climbing; she can occasionally balance, stoop, kneel, crouch, or engage in bilateral overhead reaching; and she is limited to simple, routine, repetitive tasks that involve only occasional contact with co-workers, but no contact with the general public. Tr. 26, Finding 5.

At step four, the ALJ decided that plaintiff was unable to perform her past work. Tr. 29, Finding 6. At step five, the ALJ found that plaintiff could perform other work that existed in significant numbers in the national economy, including assembler of printed products, addresser, and credit clerk. Tr. 30-31, Finding 10. Accordingly, the ALJ found plaintiff was not disabled. Tr. 31, Finding 11.

II.  Plaintiff's Allegations of Error

Plaintiff argues that the ALJ erred by (1) improperly rejecting plaintiff's testimony; (2) improperly rejecting the opinions of treating counselor Richard Bossardt and nurse practitioner Anthony Baldacci; (3) improperly rejecting the lay witness testimony of Donna Burl; and (4) failing to meet his burden at step five. Because the ALJ's decision at step five was not supported by substantial evidence, the Court declines to address

Page 6 - OPINION AND ORDER

plaintiff's other assignments of error and remands this case for the immediate payment of benefits.

## A.   The ALJ's Step Five Findings

Plaintiff argues that the ALJ failed to meet his burden at step five because his hypothetical to the VE did not include the limitations assessed by Dr. Raymond Nolan. Pl. Br. 19; Robbins v. Comm'r, 466 F.3d 880, 886 (9th Cir. 2006) (holding that the ALJ is not free to disregard properly supported limitations in hypotheticals posed to the VE). The Commissioner concedes that the ALJ's decision at step five was not supported by substantial evidence. Def. Br. 10-11.

Dr. Nolan, an examining physician, diagnosed plaintiff with fibromyalgia, degenerative changes of the spine, peripheral neuropathy, small vessel constriction of the lower extremities, anxiety, depression, fine static tremor, chronic headaches, obesity, and right knee problems. Tr. 1043. Dr. Nolan opined that plaintiff required "opportunity for break as needed for comfort" and that she can stand for a total of one hour and walk for a total of two hours in an eight-hour day. Tr. 1044, 1046.  Dr. Nolan also opined that plaintiff can sit no more than thirty minutes at a time, can stand only ten minutes at a time, and walk only ten minutes at a time. Tr. 1046.

The ALJ gave Dr. Nolan's opinion "great weight." Tr. 28. In posing his hypothetical to the VE, however, the ALJ failed to include the limitations enumerated in Dr. Nolan's opinion. Tr. 75-76.  When asked by plaintiff's attorney to consider all of

Page 7 - OPINION AND ORDER

plaintiff's limitations, the VE testified that the totality of plaintiff's limitations would "affect" a person's ability to perform any job.  Tr. 78-79.  Further, the VE testified that a person with plaintiff's limitations would not meet the productivity standards "necessary to hold a job."  Tr. 79.  Thus, the ALJ's step five finding that plaintiff could perform work that exists in the national economy was not supported by substantial evidence.  Tr. 30.

III.  Remand for the Immediate Payment of Benefits

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. Strauss v. Comm'r, 635 F.3d 1135, 1138-39 (9th Cir. 2011) (quoting Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir 2004)). The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. Id. at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that

Page 8 - OPINION AND ORDER

must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. Connett v. Barnhart, 340 F.3d 871 876 (9th Cir. 2003) (citing Bunnell v. Sullivan, 947 F.2d 341, 348 (9th Cir. 1991) (en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010).

Here, based on the medical evidence in the record and the testimony of the VE, there is substantial evidence showing that plaintiff does not have the physical capacity necessary for gainful employment. Tr. 79. The ALJ failed to provide legally sufficient reasons for rejecting that evidence. Further, there are no outstanding issues that must be resolved before a determination of disability can be made,[1] and it is clear from the record that the ALJ would be required to find plaintiff disabled were Dr. Nolan's evidence credited along with the VE testimony regarding that evidence. As such, it is appropriate to credit Dr. Nolan's opinion as true, find disability, and remand for the immediate payment of benefits. See Bunnell v. Barnhart,

---

[1] While the Commissioner argues that Dr. Nolan's opinion is internally inconsistent and that the VE did not explicitly testify that there is no other work that plaintiff is capable of performing, the Court rejects these arguments for reasons stated above. Def. Br. 8-10.

Page 9 - OPINION AND ORDER

336 F.3d 1112, 1115 (9th Cir. 2003).

### CONCLUSION

The Commissioner's decision is REVERSED and REMANDED for the immediate payment of benefits.   This case is DISMISSED.

IT IS SO ORDERED.

Dated this _____ day of ~~June~~ 2013.

_____
Ann Aiken
United States District Judge

Page 10 – OPINION AND ORDER